WAGNER v. UNITED STATES.

No. 9440.

Circuit Court of Appeals, Ninth Circuit.

April 8, 1941.

As Amended on Denial of Rehearing
May 19, 1941.

[4] Coverage A, Bodily Injury Liability, Note 2, supra.

Ames Peterson and David H. Cannon, both of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Ralph E. Lazarus, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal by defendant after conviction by the Court sitting under stipulation without a jury, of attempting to evade payment of income taxes for 1934.

A "Motion for New Trial or to Remand" on the ground of newly discovered evidence was submitted to this Court coincident with the submission of the appeal. Affidavits in support of the motion are before us.

Rule 2(3), Criminal Practice and Procedure 18 U.S.C.A. following section 688, provides for remanding to the trial court for its consideration of a motion for new trial in certain circumstances. We have no power to entertain a motion for a new trial, hence we consider only whether, in the exercise of our discretion, we should remand the case. We have carefully reviewed all of the affidavits and find them to consist largely of hearsay statements and of impeachment of testimony received in the trial. We do not regard them as meeting the requirements, and particularly requirement (e) of Johnson v. United States, 8 Cir., 32 F.2d 127, 130. We quote from the opinion: "There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." See also Isgrig v. United States, 4 Cir., 109 F.2d 131, 194.

The motion is denied.

But one point of error is urged in the opening brief, "that the Court in arriving at its verdict or judgment considered, a document which was not in evidence". Appellant quotes in his brief the following which he and the Government agree was a part of the Court's remarks in summing up the case: "I believe there are other palpably false representations. We have had the history of each horse here and the deliberate falsification with regard to the prices of the horses is apparent. It has not even been explained. I think the Sherry receipt, which is not in evidence, is palpably a forgery. It is so declared by Mr. Sherry, and a comparison of his handwriting with the exemplar, both in ink and pen, so shows. I also believe the statement is true of the purported waiver alleged to have been signed by Ray Sherry and Mrs. Ray Sherry, and I pointed out in the record when the matter came into the record for identification, why it was palpably fraudulent and not written by the man and evidently was a crude attempt to imitate the signature."

While the record before us does not recite these remarks, the Government agrees that we may consider the record amended so as to include them. There is a petition here for a writ of certiorari for dimunition of the record so as to include the full statement of the trial judge. The stipulation serves the purpose, and the petition is denied.

The document said to have been erroneously considered is the "Sherry receipt" referred to in the quoted statement.

The accountant who prepared the appellant-taxpayer's 1934 income tax return on information furnished by the taxpayer, testified that Schedule C-14 of the return set forth a computation of depreciation items on livestock owned by the taxpayer. On the schedule appeared the name of a race horse "Bert Abbe", cost price $8,500, depreciation $1,875.

The witness Ray Sherry testified at the trial that he had sold "Bert Abbe" to the defendant for $550. Thereupon the defendant offered in evidence the so-called "Sherry receipt" which was a purported bill-of-sale and receipt showing $2,500 paid for "Bert Abbe", purportedly signed by

Ray Sherry. The witness denied that it bore his signature, and the Court refused the offer on the ground that the receipt had not been proved authentic. It is apparent that the Court in his remarks was merely referring to the reason the Sherry receipt was rejected from evidence, rather than giving it weight as evidence.

In appellant's closing brief he says: "It seems clear that the defendant did not have the benefit of a fair trial, for the following reasons * * *" and asks us to consider them solely as plain errors although not the subject of exception or assignment.

The "reasons" given are wholly without merit and are too flimsy to justify further comment. There is much in the record tending to prove deliberate fabrication of evidence in building up the taxpayer's indebtedness.

The judgment of the District Court is affirmed.