DANZIGER et al. v. UNITED STATES.
No. 10989.

Circuit Court of Appeals, Ninth Circuit.
April 23, 1947.
Rehearing Denied July 8, 1947.

A. Brigham Rose, of Los Angeles, Cal., for appellants.

James M. Carter, U. S. Atty., and Ernest A. Tolin, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, HEALY, and ORR, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal by J. M. Danziger and two corporations, Trinidad International

Petroleum, Ltd., and Wake Development Company, from a conviction under twelve of seventeen counts of an indictment charging violations of the Securities Act of 1933, 15 U.S.C.A. §§ 77q(a) (1) and 77e(a) (2), and of the Criminal Code, 18 U.S.C.A. § 338 (using mails to promote fraud). The final count charged a conspiracy to commit the offenses set out in the first sixteen. Danziger was sentenced to prison for fifteen months on each of the twelve counts, the sentences to run concurrently, and the corporate defendants were sentenced to pay a fine of $200 on each of the twelve counts.

The indictment was returned December 30, 1941, but none of the defendants was arraigned until December 11, 1944, when Danziger and a co-defendant Willard Eugene Warren (indicted as Warren C. Carter) were brought into court and required to plead.[1] A motion by Danziger to dismiss the indictment for want of prosecution was denied. Trial was set for the latter part of January 1945.

Summonses against the corporate defendants were not issued until January 24, 1945. They were attempted to be served two days later by a deputy marshal who left copies with a stenographer in Danziger's law office. The summonses ordered the corporations to appear and plead on the morning of the day set for trial. Although no one purported to appear for them, the judge ordered that pleas of not guilty be entered on their behalf and directed Danziger's attorney to act as their counsel despite his protestations of his lack of authority to do so. The attorney further objected to the appointment on the ground that there would be a conflict in interests, to which objection the court replied that the appointment was "subject to developments at the trial that may cause you to feel that your interest has become adverse." A motion for a continuance was denied and the trial proceeded. Written waiver of a jury was filed by Danziger, and the court accepted an oral waiver by the attorney on behalf of the corporations.[2]

Except for some background matter it is unnecessary to detail the facts of the case. Trinidad International Petroleum is a Nevada corporation of which Danziger was president or chairman of the board. It was organized to take over certain oil rights on the Island of Trinidad. A million shares of its stock were issued, of which half were returned to the treasury. Of the remainder 335,000 shares went to individuals holding the oil rights acquired, and 165,000 were issued to Wake Development Company in consideration of Danziger's promise to render services in the field operations of Trinidad. The Wake Company is a Delaware corporation wholly owned by Danziger's wife except for a period when it was owned by a Mrs. Falkner who was Danziger's secretary and a relative by marriage. Mrs. Falkner was Danziger's chief assistant in running the Wake Company office. At all pertinent times the Wake Company had but one asset, namely, the 165,000 shares of Trinidad stock. The other important figure in the case is Willard Eugene Warren. Warren pleaded guilty to the conspiracy count, and at the trial, on motion of the United States, the remaining counts were dismissed as to him.

 Warren was the chief witness for the government. He testified at length to fraudulent transactions in the Trinidad stock owned by the Wake Company, in which transactions he and Danziger were said to have participated. While it is insisted that the evidence was insufficient to convict Danziger, the argument turns out to be little more than an attack on Warren's credibility. If Warren is to be believed there can be no fair doubt of Danziger's

---

[1] Two defendants named in the indictment, John J. L. Callahan and W. W. Wright were never apprehended and as to them the case was ultimately dismissed. The defendant called Carter [Warren] was not apprehended until October 1944. That fact explains in part why the government did not proceed to trial shortly after the return of the indictment.

[2] The involuntary counsel objected to signing a waiver for the corporations because he could not truthfully state, as required in the waiver, that he had "advised the defendants" fully as to their rights. His assertion was that he was in contact with no one from either corporation.

guilt on at least some of the counts of which he was convicted; and naturally his credibility was for the trial court to determine. There was, besides, other evidence tending to corroborate Warren. We need not inquire into the sufficiency of the evidence to sustain the judgment on all counts of which Danziger was found guilty, it being enough, in view of the concurrent sentences imposed, to hold that he was properly convicted of one.

■ The counsel designated to represent the corporate defendants moved to quash the service as to them. We think the motion should have been granted. Process was not served on any officer of either corporation, nor were copies left at the place of business of either. Service on Danziger's secretary was rather obviously insufficient since Danziger's connection with either corporation as of the time of service was denied in open court and no evidence was taken on the subject. The appointment of the attorney for Danziger to represent these defendants did not help matters any. He appears to have acted more or less under compulsion, protesting his entire lack of authority to appear for the absent parties. In the circumstances the court was without jurisdiction to proceed against them.[3]

■ There was, however, no showing or appearance of prejudice to Danziger growing out of the appointment of his attorney to represent the corporations. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, is relied on, but the circumstances of that case were markedly different. In addition, the court made the appointment contingent on future developments and told counsel that he would be relieved from the assignment if conflict became apparent. The matter was not again brought up and no further objection on that score was urged at any stage of the trial.

■ It is claimed that the court erred in denying the motion to dismiss the indictment for want of prosecution. However, counsel concedes that no demand for a trial was ever made. The constitutional guaranty of a speedy trial is a personal right which may be waived by failure to assert it. Collins v. United States, 9 Cir., 157 F.2d 409.

■ Another contention is that a continuance should have been granted Danziger in order to afford time for the taking of depositions from persons in England and other distant places. The affidavit accompanying the motion for a continuance stated that the evidence to be obtained would show that the Trinidad Corporation had good prospects and that its stock was not worthless. In denying the motion the court observed that it might possibly develop during the trial that the evidence sought would be important, but that it "is the kind of thing that can't be passed on in advance." The judge indicated that should it become apparent that the matters mentioned in the affidavit were relevant a continuance would be in order. Counsel admitted on the argument here that after the denial of the motion the matter was never again brought to the attention of the judge, and no further effort was made to have the trial continued for the purpose of taking the depositions. In this state of the record we are unable to see that the tentative denial of the motion was reversible error. Beyond that, the prosecution was based primarily on the fraudulent methods employed in the selling of the stock. It is not at all clear that the depositions said to have been desired would be material or could have affected the result.

Other points are raised, but we find no error of consequence beyond that already noted.

The judgment is affirmed as to appellant Danziger. As to the corporate appellants it is reversed.

---

[3] Consult in this connection Rule 9(c) of the Federal Rules of Criminal Procedure, and note, 18 U.S.C.A. following section 687.