## CLEARY v. UNITED STATES.

### No. 11520.

Circuit Court of Appeals, Ninth Circuit.

Oct. 4, 1947.

James Russell Cleary, in pro. per., for appellant.

J. Charles Dennis, U. S. Atty., and John E. Belcher, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court denying appellant's motion for a new trial upon the ground of newly discovered evidence, based upon Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, as follows:

"The court may grant a new trial to a defendant if required in the interest of justice. * * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment * * *."

Appellant had been convicted and sentenced for violation of the Act of June 25, 1910, ch. 395, § 2, 36 Stat. 825, 18 U.S.C.A. § 398, known as the Mann Act.

The indictment charged "that James Russell Cleary, alias Jim Cleary, on or about January 5, 1945, in the Northern Division of the Western District of Washington and within the jurisdiction of this Court, then and there being, did then and there knowingly, willfully and unlawfully and feloniously transport and cause to be transported a certain woman, to-wit, Gweneth Norma Langford, in interstate commerce from White Rock, Province of British Columbia, Dominion of Canada, to Blaine, Washington, for immoral purposes, to-wit, for the purpose of prostitution and debauchery; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

The affidavits in support of his motion for a new trial strongly tend to show an alibi for appellant on January 5 and 6, 1945, with reference to the whereabouts of appellant and the woman with whom the illicit trip across the border between Canada and the United States was charged to have been made.

Nowhere is it shown that the evidence disclosed in the affidavits was discovered after the trial of the case. Appellant's brief admits that he sought a continuance of his trial to enable him to produce these witnesses from Canada, stating to the court that his wife had gone to Canada and had been unable to persuade them to be present at the trial. The court, on December 2, 1946, denied the motion, ruling that "it appears the jury at the time of trial believed the competent testimony of the victim of defendant's alleged crime and did not believe defendant's story on the witness stand, and because the Court knows of no reason why a new jury at a second trial would not do the same thing as the first jury did."

It is obvious that if the evidence, so claimed to show the alibi, were actually newly discovered, it was a matter for the jury and not for the judge to consider its weight against the testimony of the complaining witness. However, the evidence adduced at the trial is not before us and we are constrained to believe from the above language that the court knew from the occurrences at the trial that the facts of the affidavits were then known to appellant and that they are not newly discovered within Rule 33. Cf. Wagner v. United States, 9 Cir., 118 F.2d 801, 802.

The record shows no reversible error. The order denying the new trial is affirmed.