## BRANDON v. UNITED STATES.
### No. 11814.

United States Court of Appeals
Ninth Circuit.
Aug. 6, 1951.

T. J. Brandon, Jr., in propria persona.

J. Earl Cooper, U. S. Atty., Anchorage, Alaska, for appellee.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

■ Appellant, under the assumed name of Will Key Jefferson, was charged in count I of an indictment with having forged a check purported to have been signed by one Wosdon P. Lang, and in count II with having uttered and published the check with intent to defraud. He was found guilty and sentenced to three years' imprisonment on each count, the sentences to run concurrently. He appeals to us. On such an appeal, if either sentence is held valid, we need not consider the other. Danziger v. United States, 9 Cir., 161 F.2d 299, 301.

Count I alleges, concerning the Lang check that Brandon, then named as Jefferson, did "knowingly, wilfully, unlawfully, fraudulently, and feloniously, with intent to injure and defraud, falsely make, forge, and counterfeit a check for the payment of money on the People's National Bank of Paducah, Kentucky, the tenor and purport whereof was as follows: * * * said signature written on the face of said check purporting to be the genuine signature of Wosdon P. Lang as maker thereof."

■ Brandon contends this count fails to charge the crime of forgery as stated in the Alaska statutes, because the name of the party intended to be defrauded is not alleged. There is no merit to this contention. The indictment substantially states the offense of Section 4856 of the Compiled Laws of Alaska, 1933, providing, so far as pertinent: "If any person shall, with intent to injure or defraud anyone, falsely make * * * forge, counterfeit * * * [any]

check \* \* \* or shall, with such intent, knowingly utter or publish as true and genuine any such false \* \* \* forged, counterfeited \* \* \* instrument \* \* \*, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than two nor more than twenty years."

That the name of the person intended to be defrauded need not be alleged appears from Section 4861 providing: "In any case where the intent to injure or defraud is necessary, by the provisions of this chapter, to constitute the crime, it shall be sufficient to allege in the indictment therefor an intent to injure or defraud without naming therein the particular person or body corporate intended to be injured or defrauded, and on the trial of the action it shall not be deemed a variance, but be deemed sufficient, if there appear to be an intent to injure or defraud the United States, or any state, territory, county, town, or other municipal or public corporation, or any public officer in his official capacity, or any private corporation, copartnership, or member thereof, or any particular person or persons."

A brief history of Sections 4856 and 4861 Compiled Laws of Alaska 1933 reflects that the same were adopted as a part of the penal code for the Territory of Alaska by Act of Congress March 3, 1899, 30 Statutes at Large, 1263–1266. These provisions were taken from the laws of Oregon, October 19, 1864 and are presently embodied in the Oregon Compiled Laws, Volume 3, Penal Code as Sections 23-560 and 23-568. With this legislative history in mind, it would appear that the decisions by the Supreme Court of Oregon should be given controlling effect.

The Supreme Court of Oregon has held that an indictment is sufficient where it alleges an intent to injure or defraud without naming therein the particular person intended to be injured or defrauded. State v. McElvain, 35 Or. 365, 58 P. 525.

Appellant contends that the court erred in denying appellant's motion for a change of venue. A review of the evidence shows its support of the court's decision.

Brandon's forgery of the check was proved by the evidence before the jury of the Lang check itself and three signatures of Brandon, using the name Will Key Jefferson, and the testimony of a competent handwriting expert, one Appel, that Brandon signed Lang's name. Appellant contends that Appel's testimony is invalid because he had seen other copies of the Jefferson signature, but the testimony is clear that what Appel relied on were the three Jefferson signatures in evidence. There is no merit in this contention.

Appellant contends that at the trial there was no evidence to show an intent to defraud anyone in making the check. Since the check was shown to have been forged by appellant, his use of the moneys obtained from one Cole, credit manager of the Northern Commercial Company, warrants an inference by the jury of his intent to defraud in forging the check. There was no error in denying appellant's motion for a judgment of acquittal.

Appellant assigns error in several instructions given and to the refusal to give another requested by the appellant. In none of these did appellant state the grounds of his objections in compliance with Rule 30 of Federal Rules of Criminal Procedure, 18 U.S.C.A. However, we have examined appellant's contentions and find them without merit, and that the appellant was not prejudiced by the court's action respecting the instructions.

Appellant contends that the evidence of forgery of the check is entirely circumstantial and that it warrants as much the inference of innocence as that of guilt, seeking to invoke the principle stated in our opinion in Paddock v. United States, 9 Cir., 79 F.2d 872, 876. There is no merit in this contention. The evidence of forgery, if believed by the jury, warranted only the inference of guilt.

At the trial, appellant testified the check was given him by Lang as a six months' prepayment of rent on a lease to him of an apartment. It was in a building requiring some construction, and appellant needed the prepaid rent for that purpose. The check had on its face a notation that it

was for an amount equal to the six months' rental plus other charges there stated. It is not questioned that appellant had made such an arrangement with another tenant for such an advance.

At the trial the lease was not produced. After the verdict, appellant moved for a new trial on the ground of newly discovered evidence, offering duplicate originals of the lease with Lang, which the court declined to consider. Reserving our jurisdiction of the appeal, we ordered the district court to consider and dispose of the motion.

■ At the hearing on the motion, the duplicate copies of the lease were offered in evidence. They were for a rental corresponding with the notation on the check. The court denied the motion. It found that the leases were known by the appellant to exist at the time of the trial and that he then made no attempt to find them. In so doing, the court was entitled to consider Brandon's testimony, having in view his several prior criminal convictions.

On appellant's motion, there was produced the report of a handwriting expert of the Federal Bureau of Investigation on photostatic copies of the leases and of the check. It showed that the handwriting of the signature Wosdon P. Lang on the check was unlike the handwriting of the Wosdon P. Lang on the copies of the leases. The photostatic enlargements of the two signatures on the two leases and the one on the check are before us. The Lang signature on the check seems a poor copy of those on the leases.

■ The motive for not producing them at the trial is apparent. The Lang signatures on the leases would have added weight to the testimony of the forgery based on the comparison of the check's signature with that of Brandon's handwriting. One cannot withhold such evidence at the trial and, being convicted, seek a second chance before another jury by then producing it.

■ We have stated the rule in such cases in Wagner v. United States, 9 Cir., 118 F.2d 801, 802. Speaking of the affidavits on such a motion for a new trial, we

said: "We do not regard them as meeting the requirements, and particularly requirement (e) of Johnson v. United States, 8 Cir., 32 F.2d 127, 130. We quote from the opinion: 'There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.'"

■ Even if the evidence had been newly discovered, it was not of such a nature that it probably would produce an acquittal.

The order denying the motion for a new trial and the judgment sentencing appellant on count I of the indictment are affirmed. For the reasons stated, the judgment on the concurrent sentence for the same period on count II is ignored.