**UNITED STATES of America, Appellant,**

v.

**Salvador VANEGAS, Jr., Appellee.**

**No. 13753.**

United States Court of Appeals
Ninth Circuit.

Oct. 30, 1954.

Lloyd H. Burke, U. S. Atty., Milton Simmons, Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Coffey & Velasquez, Antonio C. Velasquez, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

The United States appeals from a judgment of the United States District Court granting the petition of Vanegas for admission to citizenship. After the court's decision he took the required oath of allegiance.

The ground of the appeal of the United States is that the District Court erred in granting the petition because, it contends, Vanegas has not maintained his burden of proof of the fact that he had been and still is a person of good moral character. At the hearing here it was admitted that evidence was presented on his behalf.

It is conceded by the United States that the law involved is the Immigration Act of 1940, 8 U.S.C. 707(a)* providing:

"(a) No person, except as hereinafter provided in this Act, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing petition for naturalization has resided continuously within the United States for at least five years. and within the State in which the petitioner resided at the time of filing the petition for at least six months, (2) has resided continuously within the United States from the date of the petition up to the time of admission to citizenship, and (3) during all the periods referred to *in this subsection has been and still is a person of good moral character, attached to* the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." 54 Stat. 1142. (Emphasis added.)

The United States has brought to the court a meager partial record of the District Court's hearing of his petition.

---

* 1952 Revision, Immigration and Nationality Act, § 316, 8 U.S.C.A. § 1427.

None of the testimony of Vanegas or of any other witness on his behalf, if any, which was heard by the trial court, is before us. In the printed transcript is a statement of fact in a Naturalization Examiner's report that: "The evidence of record indicates (Exhibit A) that the petitioner was convicted in the Municipal Court of the City of San Francisco on May 12, 1949, of the crime of petty theft. The sentence was probation for a period of six months."

The Exhibit "A" is not attached to the Naturalization Examiner's report, that is to say, this pertinent evidence supporting the report is not before us. More important is the fact that the record does not show the report was submitted to the court as required by § 333 of the Immigration Act of 1940, as amended in 1950. Concerning this report the provision is that: "The record of the preliminary examination authorized by this subsection *shall be admissible* as evidence in any final hearing conducted by a naturalization court designated in § 301 of this Act." This is followed by the next paragraph providing that the report shall be presented to the court. Though dated November 19, 1952, two days before the hearing on November 21, 1952, the record does not show that it was even filed with the clerk.

Assuming that the court could take judicial notice of this report of the Examiner, nevertheless the evidence of the Exhibit A is not shown to have been before the court below and is not before us. However, Vanegas' brief adopts the statement of the government's brief that "On May 12, 1949 appellee was convicted of petit theft in Municipal Court, City and County of San Francisco, and was placed on probation for six months."

No contention of error is made by the United States that the record shows no findings and since the absence of findings is not a jurisdictional defect and may be waived[1] we are entitled to consider that it has waived findings and entertain the single contention it presents for our decision. That contention is that we must reverse the decision of the district court on the ground that such a conviction for petit theft deprives Vanegas of admission to citizenship regardless of what other evidence may have been before the court. We think not.

■■ In determining the right to reverse we are required to consider the evidence heard by the District Court not appearing in the record as supporting that court's decision. As stated in In re Chapman Coal Co., 7 Cir., 196 F.2d 779, 785:

"Where, as in this case, there has been a hearing in the District Court in which the parties have participated by their attorneys, where evidence has been heard, and where the District Court has entered an order which would be justified by evidence which might have been adduced or agreements which might have been made between the parties in such hearing, the burden is upon the party appealing from such an order to include in the record on appeal a proper transcript of the hearing to show that there was no such evidence or agreement. All possible presumptions are indulged to sustain the action of the trial court. It is, therefore, elementary that an appellant seeking reversal of an order entered by the trial court must furnish to the appellate court a sufficient record to positively show the alleged error. Turner Glass Corp. v. Hartford Empire Co., 7 Cir., 173 F.2d 49, 51; Royal Petroleum Corp. v. Smith, 2 Cir., 127 F.2d 841, 843; 12 Cyclopedia of Federal Procedure, 2d Ed. 1944, § 6208, p. 224 et seq."

It well may be that Exhibit A was presented to the court and showed on its face that the court rendering the judgment had no jurisdiction over the defendant or over the subject matter; or that Vanegas testified that he was

---

1. Rossiter v. Vogel, 2 Cir., 148 F.2d 292, 296; Hurwitz v. Hurwitz, 78 U.S.App. D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226; Steccone v. Morse-Starrett Products Co., 9 Cir., 191 F.2d 197, 200, citing above cases.

coerced to plead guilty by the real thief; or that the plea was made when sick or confused; or that his contrition on realizing the immoral character of the petit offense had been so great, that he had thereafter led an unusually exemplary life.

In none of the cases cited by the United States are such factual situations as above described before the trial court. Since we are required to consider that one or all of them exist, the judgment of the District Court is affirmed.