Mario **BALESTRERI**, Appellant,

v.

**UNITED STATES** of America,
Defendant.

No. 14348.

United States Court of Appeals
Ninth Circuit.

June 28, 1955.

James E. Burns, San Francisco, Cal.,
for appellant.

Lloyd H. Burke, U. S. Atty., John H.
Riordan, Richard H. Foster, Asst. U. S.
Attys., San Francisco, Cal., for appellee.

Before POPE and FEE, Circuit
Judges, and JAMES M. CARTER, District Judge.

JAMES M. CARTER, District Judge.

This case arises on Balestreri's appeal
from the order of the district court deny-

ing his motion, made after his conviction had become final for a new trial on the ground of newly discovered evidence, under Rule 33, Rules of Criminal Procedure, Title 18 U.S.C.A.

The defendant, Mario Balestreri, was indicted on March 7, 1952. Appellant was charged in the ninth count of the indictment with the violation of the Jones-Miller Act, 21 U.S.C.A. § 174, concealment and transportation of heroin, and in the twenty-fourth count of conspiring, 18 U.S.C.A. § 371, to violate the narcotic laws of the United States. Appellant was found guilty by jury verdict on both counts, and was sentenced to a term of three years imprisonment on each count, the sentences to run concurrently. Judgment was rendered September 4, 1953. No appeal was taken and the judgment became final.

On March 11, 1954, six months after the rendition of the judgment, appellant moved the district court for a new trial, on the ground of newly discovered evidence. The motion of appellant was supported by an affidavit of appellant's attorney, James E. Burns, stating that he had, "since the * * * trial, verdict and sentence * * * come into possession of certain documents" which established that the "only witness testifying against the defendant" and for the government, one Harry Winkelblack, had received favorable treatment and that his testimony was induced by threats, promises, and favors. The evidence consisted of letters written between two officials of the Bureau of Prisons. The district court denied appellant's motion for a new trial and this appeal followed.

■ We first inquire if the order denying the motion for new trial is appealable. The broad language often used, that an order denying a motion for a new trial in a criminal case is "not assignable as error, and is not reviewable," McElheny v. U. S., 9 Cir., 1944, 146 F.2d 932, 933; Allred v. U. S., 9 Cir., 1944, 146 F. 2d 193, 196, does not apply to cases where the motion for new trial has been made, on the ground of newly discovered evidence, after the judgment of conviction has become final. Final decisions of the district courts are appealable to the courts of appeal, 28 U.S.C.A. § 1291, with certain exceptions not pertinent here. In Harrison v. U. S., 5 Cir., 1951, 191 F.2d 874, 876, the court said that it was well established "that the order overruling the motion for a new trial" made after a conviction had been affirmed on appeal, "is a final order from which an appeal will lie", and rightly so, for to reconcile Federal Rules of Criminal Procedure, Rule 33 and Rule 37, the appeal to review the order on a motion for a new trial on the ground of newly discovered evidence, must stem from the order itself. Rule 33 permits a motion based on the ground of newly discovered evidence to be made within "two years after final judgment * * *"; Rule 37 permits an appeal by defendant to be "taken within 10 days after entry of the judgment or order appealed from * * *".

In the normal situation, the order granting or denying the motion for a new trial is non-appealable but the reason for this is that "the court may consider the evidence and the rulings of the trial on appeal from the judgment itself." Hamilton v. U. S., 1944, 78 U.S. App.D.C. 316, 140 F.2d 679, 682. However, in the case of a motion for a new trial on the ground of newly discovered evidence, "the newly discovered evidence does not appear on the record supporting the judgment, and the only possibility for review of the court's ruling lies in an appeal from the denial of the motion for a new trial." Hamilton v. U. S., supra, 140 F.2d at page 682; Wright v. U. S., D.C.Cir., 1954, 215 F.2d 498.

■ A motion for a new trial on ground of newly discovered evidence is addressed to the sound discretion of the trial judge. Adams v. U. S., 9 Cir., 1951, 191 F.2d 206; Casey v. U. S., 9 Cir., 1927, 20 F.2d 752; U. S. v. On Lee, 2 Cir., 1953, 201 F.2d 722; U. S. v. Rutkin, 3 Cir., 1953, 208 F.2d 647.

■ On such a motion, the courts are in general agreement as to the factual

showing necessary to move the court to exercise its judicial discretion. In Johnson v. U. S., 8 Cir., 1929, 32 F.2d 127, 130, the court said: "There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact newly discovered, i. e. discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such a nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." Wagner v. U. S., 9 Cir., 1941, 118 F.2d 801; Brandon v. U. S., 9 Cir., 1951, 190 F.2d 175.

■ The newly discovered evidence here presented does not meet these requirements. Though it appears that defendant did not know at the time of trial, of the treatment afforded the witness, Winkelblack, there is no showing in the record of any facts from which the court can infer diligence on the part of the appellant. The affidavit of appellant's counsel asserts that "such evidence was not available and could not be discovered with due diligence" [R. 35] so as to be presented at the time of the trial. No showing is made as to when, or how, or under what circumstances copies of official government correspondence came within possession of appellant's counsel, nor when he first learned of such documents. Appellant's showing clearly fails to meet the test required on such a motion.[1]

The new evidence was only of an impeaching nature. Such a showing is ordinarily not sufficient to cause a court to grant a new trial. U. S. v. On Lee, supra; Long v. U. S., 10 Cir., 1943, 139 F.2d 652; Slappey v. U. S., 5 Cir., 1940, 110 F.2d 528; Gage v. U. S., 9 Cir., 1948, 167 F.2d 122; Taylor v. U. S., 8 Cir., 1927, 19 F.2d 813; U. S. v. Rutkin, 3

Cir., 1953, 208 F.2d 647, 654. The cases indicate as the basis of the decisions, that the new evidence would not, for one reason or another, "probably produce an acquittal." To deny in every case a motion for a new trial on the ground of newly discovered evidence for the sole reason that the evidence was "merely impeachment" might often lead to injustice. See U. S. v. On Lee, 2 Cir., 1953, 201 F.2d 722. Dissenting opinion at page 724.

Little factual matter, admissible at a new trial, could be culled from recitals, opinions and conclusions appearing in the correspondence attached to appellant's affidavit, concerning incidents and treatment of Winkelblack while in the Contra Costa jail, in and prior to May of 1952. The trial judge's memo denying the motion for new trial recites that Winkelblack, at the time the Federal grand jury was investigating the case in which appellant was later indicted, was an inmate of San Quentin, serving a state term. For the purpose of securing his testimony before the Federal grand jury, the district court issued a writ of habeas corpus ad testificandum, and pursuant to the writ the witness was lodged in the Contra Costa jail. After giving his testimony before the grand jury, and on June 17, 1953, the writ of habeas corpus was discharged and Winkelblack was returned to the State prison. At the time of his testimony in August of 1953, he was on parole from the state conviction.

■ The trial judge, in determining the impact of newly discovered evidence, "may utilize the knowledge he gained from presiding at the trial as well as the showing on the motion." U. S. v. On Lee, 2 Cir., 1953, 201 F.2d 722, 723, certiorari denied 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364. In the exercise of his discretion, the trial judge found that no proximate relationship was shown between the occurrences during the time

---

1. Wagner v. U. S., 9 Cir., 1933, 67 F.2d 656, 657, a "judgment need not be affirmed solely upon the ground that seemed controlling to the lower court." Helver-

ing v. Gowran, 1937, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; Taylor v. Hubbell, 9 Cir., 1951, 188 F.2d 106, 108.

Winkelblack was held in the Contra Costa jail and was testifying before the grand jury, and his testimony later given at the appellant's trial when he was on parole on the state charge, and that the new evidence was at best only impeaching in character. In finding that the showing did "not have the substance which would invoke the exercise of judicial discretion on a motion for a new trial" (R. 51) the trial court was clearly indicating that the new evidence would not probably produce a different result on a new trial.

But it is appellant's contention that the trial court abused its discretion in denying the motion for a new trial, in that the "only witness against the appellant", to use the appellant's words, was shown to be biased and prejudiced in favor of the government. Assuming arguendo that the evidence was newly discovered, and that there was a relationship between the new evidence and the witness's testimony, appellant's showing still fails. For whether or not Winkelblack was the only witness against appellant cannot be determined by the record as presented to this court. Appellant has submitted only a portion of the transcript of the trial; it is incumbent upon the appellant to furnish to this court a record of such extent as to "positively show the alleged error." In re Chapman Coal Co., 7 Cir., 1952, 196 F.2d 779, 785. "In determining the right to reverse we are required to consider the evidence heard by the District Court not appearing in the record as supporting that court's decision." U. S. v. Vanegas, 9 Cir., 1954, 216 F.2d 657, 658. One of the counts of the indictment on which appellant was convicted, was a charge of conspiracy. In such a case, even more than in one involving only a substantive violation, all the evidence would be material to a determination of alleged error.

The motion for new trial was addressed to the sound discretion of the trial judge, and it thus being "manifest the trial court did not act arbitrarily or capriciously nor upon any erroneous concept of the law, the appellate court may not substitute its judgment for that of the trial judge." Gage v. U. S., 9 Cir., 1948, 167 F.2d 122, 125. The order denying the motion for new trial is

Affirmed.