Andrew **PITTS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15549.

United States Court of Appeals
Ninth Circuit.

Jan. 26, 1959.

Rehearing Denied March 12, 1959.

T. N. Gore, Jr., Warren William Taylor, Fairbanks, Alaska, Edgar Paul Boyko, Los Angeles, Cal., for appellant.

George M. Yeager, U. S. Atty., Jay A. Rabinowitz, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before MATHEWS, HEALY and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

On December 2, 1955, in the District Court for the Territory of Alaska, Fourth Division, appellant (Andrew Pitts) and Pauline Kay Simon were indicted in six counts. On December 21, 1955, appellant and Simon were arraigned and pleaded not guilty. On January 28, 1957, Simon withdrew her plea of not guilty and pleaded guilty. Thereafter, on January 28–31, 1957, appellant had a jury trial. At the close of all the evidence, appellant moved for a judgment of acquittal on counts 5 and 6 of the indictment. That motion was granted. Appellant then moved for a judgment of acquittal on counts 1–4.[1] That motion was denied. Thereafter the case was argued, the jury was charged, and on January 31, 1957, a verdict was rendered finding appellant guilty as charged in counts 1–4. On February 5, 1957, within the 5-day period prescribed in Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.,[2] appellant made a motion for a

---

1. Count 1 charged defendants (appellant and Simon) with possessing and having under their control, on or about February 11, 1955, in the Fourth Division of the Territory of Alaska, three cigarettes containing marijuana (cannabis sataya), a narcotic drug, in violation of § 40–3–2 of Alaska Compiled Laws Annotated 1949. Count 2 charged a similar offense committed on or about February 12, 1955. Count 3 charged defendants with selling, on or about February 11, 1955, in the Fourth Division, three cig

arettes containing marijuana, in violation of § 40–3–2. Count 4 charged a similar offense committed on or about February 12, 1955.

2. Rule 33 provides: "The court may grant a new trial to a defendant if required in the interest of justice. * * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other

new trial based on grounds other than newly discovered evidence. On February 20, 1957, after the expiration of the 5-day period, appellant made a motion for a new trial purportedly based on the ground of newly discovered evidence. Both motions were heard and denied on February 20, 1957. On February 21, 1957, a judgment was entered sentencing appellant to be imprisoned for five years on count 1, five years on count 2, ten years on count 3 and ten years on count 4,[3] the sentences to run concurrently. From that judgment appellant has appealed.

Appellant has specified one alleged error,[4] and only one, namely, the denial of the motion of February 20, 1957—the motion for a new trial purportedly based on the ground of newly discovered evidence.

■ A motion for a new trial based on the ground of newly discovered evidence has to meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal.[5] The motion of February 20, 1957, here-

after called the motion, did not meet these requirements.

First. It did not appear from the motion that the evidence relied on was discovered after the trial of this case. It therefore did not appear from the motion that the evidence relied on was, in fact, newly discovered.

Second. The motion did not state facts from which diligence on the part of appellant could be inferred.

Third. It appeared from the motion that the evidence relied on was intended by appellant to show the falsity of testimony given by Simon[6] and to corroborate testimony given by appellant at the trial of this case. Such evidence would have been merely cumulative and impeaching.

Fourth. The motion did not set out the evidence relied on or state the substance thereof.[7] It therefore did not appear from the motion that the evidence relied on was material to the issues involved.

Fifth. Since the motion did not set out the evidence relied on or state the substance thereof, it did not appear from the motion that the evidence relied on was such as, on a new trial, would probably produce an acquittal.

■ We conclude that the motion was not, properly speaking, a motion for a new trial based on the ground of newly

grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period."

3. Penalties for violating § 40-3-2 were prescribed in § 40-3-20 of Alaska Compiled Laws Annotated 1949. The prescribed penalties were, for the first offense, a fine not exceeding $5,000 or imprisonment not exceeding five years, or both, and, for any subsequent offense, a fine not exceeding $10,000 or imprisonment not exceeding ten years, or both.

4. Our Rule 18 (formerly Rule 20) requires of every appellant a brief containing, inter alia, "a specification of errors relied upon which shall be numbered and

shall set out separately and particularly each error intended to be urged."

5. Wagner v. United States, 9 Cir., 118 F.2d 801; Brandon v. United States, 9 Cir., 190 F.2d 175; Balestreri v. United States, 9 Cir., 224 F.2d 915.

6. After pleading guilty, Simon was called and testified as a Government witness at the trial of this case. There were four other Government witnesses.

7. The motion described the evidence relied on as "newly discovered evidence in the recantation of the testimony of Pauline Kay Simon, witness for the Government," but did not set out the alleged recantation or state the substance thereof.

discovered evidence,[8] and that, having been made after the expiration of the 5-day period prescribed in Rule 33, it was not a timely motion.

■■ Even if, contrary to our view, the motion was, properly speaking, a motion for a new trial based on the ground of newly discovered evidence and was a timely motion, it was addressed to the District Court's discretion, the exercise of which, in the absence of abuse, is not reviewable.[9] The record shows no abuse of that discretion.

Judgment affirmed.

POPE, Circuit Judge (concurring).

The final paragraph of the court's opinion gives an adequate and unanswerable reason for affirming the action of the trial court. The trial judge set forth at length why the so-called newly discovered evidence that the appellant's courtesan and accomplice was ready to change her story again and absolve appellant was insufficient to persuade the court to take it seriously. He referred to this witness' "utter unreliability", her changes of her story again and again, and the fact that the verdict could not be said to be based on her testimony.

I am not quite prepared to say that the many technical defects in the motion for new trial were such that the court *could not* have granted it, had the judge been impressed by the offered new evidence. In recent years Criminal Rule 52(a)[1] has been given a very broad application.[2]

For this reason I would prefer to base my concurrence on this single ground.

---

8. See cases cited in footnote 5.

9. Casey v. United States, 9 Cir., 20 F.2d 752; Gage v. United States, 9 Cir., 167 F.2d 122; Balestreri v. United States, supra.

1. "Harmless error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

2. For example, see the following cases disapproving actions of this court on the basis of this rule or of the corresponding Civil Rule 61: United States v. State of Arizona, 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405; Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867; and Lemke v. United States, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3. Contrast the decisions of this court cited in the dissenting opinion in United States v. State of Arizona, 9 Cir., 206 F.2d 159, at page 162, footnote 3.