UNITED STATES of America,
Plaintiff,

v.

Donald J. GARRISON, alias Jack Sullivan, and Clovis N. Ooley, alias C. N. Ooley, Defendants.

No. 58–Cr–97.

United States District Court
E. D. Wisconsin.

March 10, 1961.

Edward G. Minor, U. S. Atty., by Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Henry G. Morris, St. Louis, Mo., for defendant.

GRUBB, District Judge.

On motion for new trial on the ground of newly-discovered evidence.

Defendants, Donald J. Garrison and Clovis N. Ooley, were found guilty by a jury as charged in an eleven count indictment. Count I charged conspiracy to

violate the mail fraud statute; Counts II through XI charged each defendant with devising and engaging in a scheme to defraud by use of the mail each of ten persons allegedly defrauded.

On the trial, the government called as a witness Billie Ann Snelson (formerly Ricci), a former office employee of defendants at their company, Bell Merchandising Automatically, Inc. (hereafter referred to as "Bell Merchandising"). Snelson testified as to various activities of the defendants. She also stated that she typed the "sales pitch" or talk used by the defendants, and that this sales pitch was discussed by the defendants, was placed on a tape recorder and played back. Tr. pages 579, 580.

On cross-examination of this witness, defendants' counsel questioned her about activities at Silver King Distributing Company (hereafter referred to as "Silver King") where she had been employed prior to working for the defendants at Bell Merchandising. Silver King is a merchandising enterprise similar to Bell Merchandising. Garrison and Ooley as well as one Jack DeWees, among others, were salesmen at Silver King at the time the witness Snelson was employed there. Tr. page 646. The gist of Snelson's testimony concerning matters that transpired at Silver King was admitted because it went to show the practice of defendants Garrison and Ooley prior in time to the transactions which were the subject of the indictment.

After their conviction, which was affirmed on appeal—see United States v. Garrison, 7 Cir., 960, 280 F.2d 493—defendants Garrison and Ooley, together with six others, were brought to trial on a thirty-five count mail fraud indictment in St. Louis, Missouri. The St. Louis indictment was based in part on the activities of the defendants at Silver King. The witness Snelson was also called on this trial by the government. She testified that she was hired by Jack DeWees when she began her employment at Silver King (St. Louis Tr. page 3) and that she typed copies of Exhibit 209, a sales talk or "pitch," while there employed. St. Louis Tr. page 5.

The District Court in St. Louis found that Snelson's testimony in that case directly contradicted that given in Milwaukee and ordered a mistrial.

Garrison and Ooley have moved for a new trial in the instant case on the ground of newly-discovered evidence under Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C.A. They claim that Snelson's testimony was vital and necessary to the government's case to substantiate the charge of use of the mails, as well as to prove the scheme to defraud. The defendants, by their cross-examination, intended to prove that they were guided in the handling of the Bell Merchandising activities by the knowledge, experience, and material gained from their previous employment by Silver King, and that they believed in the propriety of their operations.

Defendants further claim that they had no way of knowing the falsity of Snelson's testimony and that they did not discover the falsity until she testified to the contrary in St. Louis.

The following statements made by the witness Snelson on the trial in Milwaukee were contradicted by testimony she gave in St. Louis:

1. Snelson did not know Jack DeWees, a salesman for Silver King.

2. Snelson did not prepare a sales pitch during her employment at Silver King. She had never known a salesman to get a sales pitch from Silver King.

Snelson's statement that she did not know Jack DeWees was given as an unresponsive answer to an incomplete question. Later testimony, however, shows that she knew DeWees was one of the salesmen at Silver King.

Snelson's statement that she did not prepare a sales pitch at Silver King and that she had never known a salesman to get a sales pitch from Silver King was followed and amplified by testimony that she was told that the salesmen at Silver King had a sales pitch.

On a motion for a new trial, the party seeking the new trial must show, among other requirements, that the evidence relied on must in fact be newly discovered; that this evidence is material to the issues involved; and that this evidence is not merely cumulative or impeaching. Pitts v. United States, 9 Cir., 1959, 263 F.2d 808; Mesarosh v. United States, 1956, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1. In a case involving allegedly perjured testimony, the requirements are that the court must be reasonably well satisfied that the testimony given by a material witness is false and that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial. Larrison v. United States, 7 Cir., 1928, 24 F.2d 82.

Snelson's Milwaukee testimony, taken as a whole, as to knowing DeWees and as to whether or not the salesmen at Silver King had a sales pitch is not entirely clear. Her statement that she did not type such a sales pitch is unequivocal and was directly contradicted by her in St. Louis. Assuming for purposes of this motion that this testimony in Milwaukee was, in fact, false, this falsity does not suffice to furnish the basis for granting a new trial in the case.

The testimony concerns happenings outside the subject matter of the indictment. Whether or not Snelson knew another associate in these prior activities and whether or not she prepared a sales pitch used in the prior activities of the defendants has no materiality to the necessary elements of the charges of the indictment, i. e. the use of the mails, and the intent to defraud.

The defendants were associated with Snelson while she worked at Silver King. They knew the truth or falsity of her testimony in Milwaukee. They testified that they obtained the sales pitch used by Bell Merchandising from Silver King but did not choose to contradict Snelson's testimony that she did not type the sales pitch at Silver King.

The allegedly false testimony concerns minor details not material to the guilt of the defendants. The court of appeals found their guilt clearly established. The essential parts of Snelson's testimony as summarized in the decision of the court of appeals—United States v. Garrison, 7 Cir., 1960, 280 F.2d 493, 497—are not contradicted by the defendants who testified in this case, and in part are directly corroborated by their testimony. It cannot, therefore, be maintained that the falsity as to minor details not material to defendants' guilt is of sufficient import to vitiate the testimony of this witness on the trial in Milwaukee.

The contradictory statements on the trial in St. Louis, made subsequent to those in Milwaukee, do not fall within the category of those involved in Mesarosh v. United States, 1956, 352 U.S. 1, 77 S. Ct. 1, 1 L.Ed.2d 1, and there characterized as "bizarre" and wholly discrediting the credibility of the witness.

Defendants' reliance on the Mesarosh case, supra, is misplaced. The court there states at page 9 of 352 U.S., at page 5 of 77 S.Ct.:

"It must be remembered that we are not dealing here with a motion for a new trial initiated by the defense, under Rule 33 of the Federal Rules of Criminal Procedure, presenting untruthful statements by a Government witness subsequent to the trial as newly discovered evidence affecting his credibility at the trial. Such an allegation by the defense ordinarily will not support a motion for a new trial, because new evidence which is 'merely cumulative or impeaching' is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial."

The defendants not having shown the materiality of the allegedly false statements or that this evidence was in fact newly discovered, the motion for a new trial must be and it is hereby denied.