UNITED STATES of America, Plaintiff,

v.

Raymond Melvin NEVERDAL, Defendant.

No. CR 90–14–BU–CCL.

United States District Court,
D. Montana,
Butte Division.

Nov. 20, 1990.

Bernard F. Hubley, Asst. U.S. Atty., Helena, Mont., for plaintiff.

Dennis Loveless, Helena, Mont., for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

This matter came on for hearing on Monday, November 19, 1990, on Defendant's motion for acquittal notwithstanding the verdict, or for new trial. After reviewing the briefs filed by the parties and hearing the oral arguments, the court is now prepared to rule.

## BACKGROUND

On September 14, 1990, Defendant Raymond Melvin Neverdal was found guilty of counts II, III, VI, and VII of a seven count indictment charging him in counts II and III with distributing methamphetamine on two separate occasions in violation of 21 U.S.C. § 841(a)(1), in count VI with using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and in count VII with conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. The jury found Defendant not guilty as to counts I and V, which charged him respectively with distributing methamphetamine and with using a firearm in relation to a drug trafficking crime. Prior to trial, the court granted Defendant's motion to dismiss count IV, which charged him as a felon in possession of a firearm.

Defendant has now come forward with a copy of part of a letter which he claims constitutes *Brady* material withheld by the prosecution, and therefore provides grounds for acquittal or for new trial. Defendant alleges that the letter was written by Richard DeShazo, one of the United States' key witnesses, to someone involved in the investigation or prosecution of Defendant, and could have been used by Defendant to impeach Mr. DeShazo's credibility.

## DISCUSSION

Defendant speculates that the letter was in the possession of the United States because the letter makes a reference to "you Feds." In response to the court's inquiries during the hearing, Defendant admitted that he had no idea whether there were pages missing from the letter or to whom it had been sent.

The United States, through Assistant United States Attorney Bernard Hubley, denies any knowledge of the letter. The United States believes that the letter may pertain to a July 10, 1990 interview with DeShazo conducted by two of the government's investigators. The United States provided Defendant's counsel with a transcribed copy of the recorded interview prior to the trial, and asserts that it thereby fulfilled its obligation to provide *Brady* material.

The court must determine whether the United States was in possession of the letter because the United States Supreme Court has formulated a less stringent requirement for granting a new trial than the requirement generally applied to a motion for new trial based on newly discovered evidence when the government was in possession of the newly discovered evidence prior to trial and had a duty to disclose that evidence to Defendant. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The less stringent standard requires the defendant to show only a "reasonable probability that, had the evidence been disclosed to the defendant, the result of the proceedings would have been different." *Bagley*, 473 U.S. at 682, 105 S.Ct. at 3383.

Because application of the less stringent standard is dependant upon the government being in possession of the evidence, the court need only apply that standard if Defendant can demonstrate that an agent of the United States actually received the letter. It is not necessary for Defendant to show that Mr. Hubley or someone in his office actually knew about the letter because prosecutors are responsible for information known to all government investigators. *United States v. Steel*, 759 F.2d 706, 714 (9th Cir.1985). Defendant, however, has not even provided the court with enough information to determine whether the letter was actually sent to a government agent, much less whether

it was received by the United States. The court finds that the letter was never in the possession of the United States.

The United States argues that even if it had been in possession of the letter it would not have had to disclose the letter because the letter does not contain exculpatory material. The United States asserts that the letter would not have exculpated Defendant or impeached DeShazo's credibility because it is not inconsistent with DeShazo's trial testimony.

Defendant argues that he could have used the letter at trial to impeach DeShazo's credibility in two ways. Defendant claims that the following passage in the letter indicates that DeShazo did not have knowledge of the events to which he testified: "The more you Feds asked me and told me the more I put together what I've heard." Defendant also speculates that the reference to barrels at all the roads leading out of town implies that there were drop points at which DeShazo could have obtained the drugs sold to the undercover agents.

The United States asserts that any conjecture that DeShazo made in this letter was probably in reference to the location of labs or a murder because the letter specifically refers to DeShazo's ignorance concerning the location of labs and a murder about which the "feds" inquired.

■ Defendant was not charged with manufacturing methamphetamine or with murder, nor did DeShazo testify about such matters. The court finds that nothing in the letter contradicts DeShazo's testimony. Because the letter does not contain exculpatory material and was not in the possession of the United States, the United States did not violate its duty to provide Defendant with exculpatory material by not disclosing the letter to Defendant.

■ During the hearing Defendant's counsel indicated that the discovery of the letter would warrant a new trial, even if the letter was not in the possession of the United States prior to trial. For the court to grant a new trial, based on newly discovered evidence, Defendant must demonstrate: (1) that the evidence was discovered after trial; (2) that Defendant made diligent effort to get the evidence prior to trial; (3) that the evidence is not "merely cumulative or impeaching"; (4) that the evidence is material; and (5) that the evidence would "probably produce an acquittal." *United States v. Krasny*, 607 F.2d 840, 843 (9th Cir.1979) (quoting *Pitts v. United States*, 263 F.2d 808, 810 (9th Cir.) *cert. denied*, 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959)). Although Defendant has satisfied the first two requirements, Defendant admits that he plans to use the letter to impeach DeShazo.

Because the letter's only possible use is to impeach DeShazo, Defendant has not satisfied the third requirement for granting a new trial based on newly discovered evidence. Even if the court assumed that the letter was undisclosed *Brady* material and applied a less stringent standard the letter would not provide grounds for a new trial.

■ Defendant's counsel vigorously cross-examined DeShazo on all points of his testimony and specifically on DeShazo's actions during the time lapse in the surveillance of DeShazo. Defendant also attempted to impeach DeShazo's credibility through the testimony of his brother, who called DeShazo a liar. Evidence that merely provides a different way to impeach the witness is not grounds for acquittal or a new trial when Defendant had the opportunity to impeach through cross-examination and other witnesses. *United States v. Steel*, 759 F.2d 706, 714 (9th Cir.1985). Moreover, the court gave the jury three instructions, proposed by Defendant, which cautioned the jury regarding DeShazo's credibility.

■ Although DeShazo was an important government witness, Defendant was not convicted on his testimony alone. The court finds that the DeShazo letter is not so material that it undermines confidence in the trial result because there is not a reasonable probability that the result of the trial would have been different if the letter had been disclosed to Defendant. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for acquittal notwithstanding the verdict or for new trial is DENIED.

IT IS FURTHER ORDERED that sentencing is set down for Thursday, November 29, 1990, at 10:00 a.m., in the courtroom of the United States Courthouse, Helena, Montana.

The clerk is directed forthwith to notify counsel of entry of this order.