**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack Lewis COUSINS, Defendant-Appellant.**

**No. 24547.**

United States Court of Appeals, Ninth Circuit.

June 17, 1970.

Rehearing Denied July 21, 1970.
Certiorari Denied Nov. 9, 1970.
See 91 S.Ct. 143.

Joel A. C. Rindal (argued), of Sullivan, Guterson, Rindal & Rousso, Seattle, Wash., for appellant.

William H. Rubidge (argued), Asst. U. S. Atty., Stan Pitkins, U. S. Atty., Luzerne E. Hufford, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellant Cousins was convicted of possession of illegally imported heroin in violation of 21 U.S.C. § 174, and of selling heroin not in or from the original stamped package in violation of 26 U.S.C. § 4704(a). The sale in question was made to Special Agent Jay H. Park of the Federal Bureau of Narcotics and Dangerous Drugs. Apart from a chemist who identified the substance sold as heroin, Agent Park was the only witness against Cousins.

The latter took the stand, and defended on the ground of entrapment. To re-

but the defense, the Government recalled Agent Park, who testified that Cousins had admitted being the principal supplier of cocaine to one John Trambitas. The point of the agent's testimony was that Cousins' previous dealings showed that he was "ready and willing" to commit the crime charged. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

■ At the time of both trials, Trambitas was under indictment for conspiracy together with Cousins to sell cocaine to Agent Park.[1] Not unreasonably assuming that he would plead the privilege against self-incrimination rather than testify to his dealings with Cousins, appellant's counsel did not call Trambitas as a witness.[2] After the verdicts, Trambitas pleaded guilty to another count in the indictment against him, and the Government dismissed the count in which Cousins was involved.

Judgment not yet having been entered on the verdicts, Cousins moved for a new trial on the ground of newly-discovered evidence. His motion was supported by affidavits that Trambitas was willing to testify, and that his testimony would be to the effect that he had never purchased cocaine from Cousins, Agent Park's testimony to the contrary notwithstanding. The district court denied the motion for a new trial and this appeal was taken.

■ The test for the grant of a new trial under these circumstances is whether the newly discovered evidence would probably lead to an acquittal on retrial. In considering the matter, it is important to bear in mind that the scope of our review is limited to determining whether the trial judge abused his discretion in determining that no acquittal would be likely to result. Fernandez v. United States, 329 F.2d 899 (9th Cir. 1964); Balestreri v. United States, 224 F.2d 915 (9th Cir. 1955).

■ In the case before us, the jury did not have to rely on Agent Park's testimony alone to find that Cousins was "ready and willing" to commit the crime. Cousins himself admitted on the stand a prior sale of heroin, very similar to the one charged. He confessed familiarity with a number of men who the jury could have found were involved in narcotics traffic. By his own testimony, he was able to obtain within a few hours seven "spoons" of heroin to be sold to Agent Park, yet he was extremely evasive as to what his previous dealings with these sources had been.

Reading the cold record, we do not believe Cousins' story that he was entrapped. The experienced judge below, who had the additional advantages of observing the witnesses' testimony, specifically found that the proffered testimony would not have been of sufficient weight "to in all likelihood change the outcome of the trial." No doubt he thought that the contradiction of one part of the agent's testimony by an admitted trafficker in narcotics would have mattered little to the jury, as against the evasiveness and implausibility of appellant's defense. We cannot say there was an abuse of discretion.

■ We are foreclosed from considering appellant Cousins' contention, based on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), that the presumption of knowledge of illegal importation of heroin contained in section 174 violates due process. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). Since the conviction under section 174

1. This information does not appear in the record before us, but we take notice, as we may, Lowe v. McDonald, 221 F.2d 228, 15 Alaska 510 (9th Cir. 1955), of judicial records in the custody of the clerk of the United States District Court for the Western District of Washington, Northern Division. *See* United States v. Trambitas, No. 51,504 (W.D.Wash., filed Sept. 9, 1968).

2. Because of the disposition we make of this case, we do not determine whether the actions of counsel herein constituted "due diligence."

is valid, and concurrent sentences were imposed, we need not consider the validity of his conviction on the other count. Hirabayashi v. United States, 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

Affirmed.