**UNITED STATES of America,**
**Appellee,**

v.

**Bernard Leavitt DURGIN, III, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Connie Lee FALLANG, Appellant.**

**Nos. 711103, 711104.**

United States Court of Appeals,
Ninth Circuit.

April 29, 1971.

Rehearings Denied and Rehearing
En Banc July 6, 1971.

Paul Colarich, Jr., (argued), Tucson, Ariz., for Bernard Leavitt Durgin III.

Lawrence Ollason, Tucson, Ariz., for Connie Lee Fallang.

Stanley Patchell, Asst. U. S. Atty. (argued), Richard K. Burke, U. S. Atty., Tucson, Ariz., for United States of America.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

BARNES, Circuit Judge:

These two cases, combined on appeal, present only one legal issue: was there error in the denial by the district court of defendants' joint motion for a new trial based solely on the ground of newly discovered evidence? Thus, we do not here pass on the merits of the judgment of conviction. Each was appealed and each affirmed. (439 F.2d 685, decided March 11, 1971.)

The alleged newly discovered evidence was the fact that the paper wrapped about the marijuana (which was brought across the United States-Mexican border by defendants inside a suitcase in an automobile) had one latent finger print and two latent palm prints capable of being identified. Such finger prints were not of the defendants "or of any identifiable person".

The scope of our review in an appeal from an order denying a motion for a new trial as set out in United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946) is quite narrow. We may not try the facts *de novo*. Only an abuse of discretion such as findings of fact wholly unsupported by evidence or an error of law provides a basis for overruling a trial court in these cases. Because we find no such abuse upon the record, we are bound by the district court's exercise of its discretion.

United States v. Polisi, 416 F.2d 573 (2d Cir. 1969), gives us an instructive summary of the law to be applied to this case:

"The generally held essentials for a new trial based on newly discovered evidence are the following: (1) the

evidence must have been discovered since the trial; (2) it must be material to the factual issues at the trial, and not merely cumulative nor impeaching the character or credit of a witness; (3) it must be of such a nature that it would probably produce a different verdict in the event of a retrial. United States v. Costello, 255 F.2d 876 (2 Cir.), cert. denied 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958)."

(*Id.* at 576–577; *see also* Pitts v. United States, 263 F.2d 808, 809 (9th Cir. 1959)).

Exceptions to the general rule have been carved out, however. The prosecution may not suppress evidence "exculpatory of or otherwise favorable to the accused" where that "evidence is material to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." Brady v. State of Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963).

"A new trial is required where the prosecutor's failure to disclose was a considered decision for the sake of obstruction, or where the value of the evidence to the accused could not have escaped him. Where the non-disclosure is passive, *i. e.,* not deliberate in the above senses, the courts have sometimes modified the criteria for a new trial, and instead looked to the defendant's harm, *i. e.,* prejudice. [E]arlier decisions \* \* \* have reasoned that where what is at stake is not deterrence of conduct detrimental to the integrity of the judicial system, the strong policy underlying the desired finality of judgments comes into play and requires a substantially higher probability that disclosure of the evidence to the defense would have altered the result." *Polisi, supra* 416 F.2d at 577.

Following Brady's focus upon what the effect of suppression may be upon defendants' preparation for trial, the Second Circuit held in United States v. Tomaiolo, 378 F.2d 26, 28 (2nd Cir. 1967), that such evidence must be "material and of some substantial use to the defendant." The suppression of evidence lacking in probative force because of its speculative quality did not warrant a new trial.

In this case, apellants contend that the undisclosed fingerprints were knowingly and intentionally suppressed, and were of such obvious value as to compel their production to the defense. They also contend that error was committed because the fingerprints were material and would have been useful in preparing the defense. The District Court decided otherwise, and our examination of the record shows that he was correct, and that he did not abuse his discretion.

The trial court properly instructed the jury as to the essential elements of the crime charged, i. e., that the government must prove (a) importation from Mexico to the United States; (b) importation contrary to law, and (c) knowledge and intent to defraud and import.

We must first keep in mind that the prosecution here made no claim the defendants had handled the packaged marijuana at any time. Appellants correctly suggest that because the government introduced evidence that there were three T-shirts similar in size and type [1] to the one worn by Durgin on the day of the importation, and his arrest in the suitcase with the marijuana, it was attempting to promote the inference that the shirt was his. Appellants also assert that by this evidence the government was attempting to prove by inference that Durgin *owned* the suitcases. The government denies any such purpose, or inference. It asserts without contradiction in the record before us, that it "conceded as probably true" the existence of a "Gary Wilson" [Tr. p. 244], and that he had the suitcases with him at the hotel and had brought them from the interior of Mexico, as the appellant said

---

1. "A closed neck type of T-shirt, as opposed to an open type, had stripes in a horizontal direction." [R.T. p. 10, quoting original trial transcript, p. 73.]

**310**

Wilson had told him. [Reply Brief, p. 8]

The T-shirt was not relevant to ownership of the suitcase (a non-essential element of the crime), but was relevant to the issue of knowledge (which was). If someone (presumably Durgin) opened the suitcase to place a T-shirt therein he could see and would have knowledge of what could plainly be seen, i. e., the marijuana.

In view of their arrest at the border while in the process of bringing the contraband across it, we therefore believe that evidence that the wrappings did not disclose defendants' fingerprints, if admissible,[2] would not be particularly significant or material in disproving the elements of the offense. Several reasonable and non-exculpatory possibilities exist. The wrapped brick could have been given to defendants already placed within the suitcase; the defendants may have worn gloves; they may have wiped their prints off the package, or they may have watched a third party pack the suitcases. It was for this reason and not with any intent to suppress, that the prosecution did not disclose this negative evidence. We must concur with the trial court and the government's judgment that these prints were not of such obvious value as to compel their production or to raise any inference of intentional suppression.

Furthermore, there is nothing to suggest that such information would have been of substantial use to the defendants in preparing their defense. Because the prints were not identifiable, they could not lead to the production of any person who might have provided testimony tending to show defendants' innocence. Lacking identification of the prints, their only use that we can imagine was to provide some slight rebuttal to the *scienter* element. The direct appeal has decided, however, as the law of the case, that there was sufficient evidence on the

record to support such a finding. We therefore find no way in which the prosecutor's failure to disclose the existence of these fingerprints prior to trial materially prejudiced appellants' preparation of their cases.

Other cases cited by appellants and not discussed herein, such as Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Cir. 1964); Clements v. Coiner, 299 F.Supp. 752 (S.D.W.Va.1969), and United States v. Maroney, 247 F.Supp. 767 (W.D.Pa.1965) are all readily distinguishable on their facts from this case.

Affirmed.

---

2. Negative evidence such as this is not admissible without the introduction of the necessary predicate, i. e., that a smuggler of marijuana in kilo brick form, packaged in suitcases, ordinarily handles or touches the wrapping. No such proof or offer of proof appears in the record.