**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William DePALMA, Defendant-Appellant.**

**No. 71-2544.**

United States Court of Appeals, Ninth Circuit.

May 4, 1972.

Laurence F. Jay (argued), Joseph A. Ball, Long Beach, Cal., for defendant-appellant.

William R. Hawes, Asst. U.S. Atty. (argued), Darrell W. MacIntyre, Asst. U.S. Atty., Robert L. Meyer, William D. Keller, U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

William DePalma was convicted by a jury of violating 18 U.S.C. § 2113(a) and (d) for the robbery of a Savings &

Loan Association in Buena Park, California. The conviction was affirmed by this court on appeal, United States v. DePalma, 414 F.2d 394 (9th Cir. 1969), and the Supreme Court denied certiorari, DePalma v. United States, 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1970). Thereafter he sought a new trial upon the grounds of newly discovered evidence known to the prosecutor but not disclosed by him at the trial. After an evidentiary hearing, the motion was denied because the evidence offered in support of the motion was "insufficient to warrant the granting of a motion for new trial." This appeal followed. We affirm the order of the district judge.

■ The first item of newly discovered evidence was the testimony of appellant's employer who had been out of the country at the time of trial. This witness would have testified that he had been with the appellant overseeing appellant's food catering route some 18 miles away from the scene of the crime about a half hour before the robbery. Appellant had produced other witnesses at his trial who testified to the same effect. The jury did not believe these alibi witnesses. The offered testimony was cumulative and it is highly questionable if it was "newly discovered." Evalt v. United States, 382 F.2d 424, 429 (9th Cir. 1967). No request had been made at the time of trial for a continuance on the ground of the absence of a critical witness.

As to the rest of the proposed evidence, the appellant argues that it was favorable to the appellant at time of trial, known by the prosecution and material on the issue of guilt. This evidence, continues the appellant, was suppressed in violation of the constitutional protection afforded by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Lee v. United States, 388 F.2d 737 (9th Cir. 1968). It was contained in a Buena Park police report which was read prior to trial by the prosecutor and not made known to the appellant. The report disclosed that Mrs. Cazares, the teller who had been robbed, had been unable to identify the appellant as the man who had robbed her when she was shown his photograph by a Buena Park officer about ten days after the robbery. Yet, Mrs. Cazares identified the appellant at trial.

■ It is doubtful that this evidence is within the rule proscribing non-disclosure. The witness did identify appellant at the trial and from another photospread prior to trial. The use which might have been made of the information would have been for possible impeachment. Here, the appellant was represented by competent and experienced trial counsel who had interviewed Mrs. Cazares before trial. The Polaroid photograph, according to affidavits in the file, was not of the clarity of the subsequent photographs from which a positive identification was made. We cannot say that under the circumstances the failure to acquaint counsel for the defense of this bit of evidence was a suppression of constitutional proportion. *See* United States v. Durgin, 444 F.2d 308 (9th Cir.), cert. denied, 404 U.S. 945, 92 S.Ct. 297, 30 L.Ed.2d 260 (1971).

■ The other potential evidence in the police report was a description given by Mary Ghan of a man seen loitering in the vicinity of her place of business at about the time of the robbery. Mrs. Ghan operated the Model Pantry restaurant, located adjacent to the bank which was robbed. She indicated that the man was wearing clothing similar to that worn by the robber. She did not see him enter the bank or leave the bank and could not identify appellant as the man she observed. This testimony, if offered, is of such vague and uncertain quality that it cannot be said to fall within the suppression rule. United States v. Durgin, *supra*.

■ The conviction was supported by positive identification of two tellers who were eyewitnesses. In addition, there was fingerprint identification taken from the bank counter. The trial court

242

held a complete evidentiary hearing on the motion for new trial. Mrs. Ghan, the restaurant operator, Mrs. Cazares, the teller, and Mr. Blackmore, the employer of DePalma, were examined and cross-examined. The trial court did not abuse its discretion. We may not try the facts *de novo*. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946).

The judgment of the district court is affirmed.