**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Felipe CERVANTES, Defendant-Appellant.**

No. 75–2678.

United States Court of Appeals, Ninth Circuit.

Sept. 16, 1976.

Barrett S. Litt (argued), of Los Angeles, Cal., for defendant-appellant.

Robert M. Newell, Jr., Asst. U.S. Atty. (argued), of Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, ELY and CHOY, Circuit Judges.

BARNES, Circuit Judge:

Cervantes appeals from a jury verdict which found him guilty of (1) a conspiracy to distribute a controlled substance (21 U.S.C. § 846), (2) possession with intent to distribute 149 grams of cocaine (21 U.S.C. § 841(a)(1)), (3) possession with intent to distribute 129 grams of heroin (21 U.S.C. § 841(a)(1)), (4) distribution of 149 grams of cocaine (21 U.S.C. § 841(a)(1)), and (5) distribution of 129 grams of heroin (21 U.S.C. § 841(a)(1)).

Cervantes admitted doing the acts charged in the indictment. His sole defense raised at trial was entrapment. He contended that the Government's informant, Abel Escobar "Joe" Duque, had entrapped him into participating in the narcotics transaction. At trial, the Government was unable to produce Duque. Cervantes therefore argues as his first point on appeal, that this failure on the Government's part denied him a fair trial.

The Government acknowledges that the informant Duque was a percipient witness to the transaction. It therefore supplied Cervantes with the informant's identity. *See Roviaro v. United States,* 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Defense counsel also requested that Duque be produced. Since Duque was a material witness, "the Government had the obligation to accomplish this or show that, despite reasonable efforts, it was not able so to do." *United States v. Leon,* 487 F.2d 389, 392 (9th Cir. 1973), *cert. denied,* 417 U.S. 933, 94 S.Ct. 2645, 41 L.Ed.2d 236 (1974); *see United States v. DeJesus Boria,* 518 F.2d 368, 373 (1st Cir. 1975). As this Court held in *Velarde-Villarreal v. United States,* 354 F.2d 9, 12 (9th Cir. 1965):

"If it were made to appear that the Government, through reasonable effort, could have produced [the informant] and yet failed to do so when [the] defendant demanded such production, there should be a new trial. On the other hand, if the Government was actually unable by reasonable effort to produce him, we cannot

hold that such inability would require a dismissal of the case, unless of course the Government itself purposely saw to it that [the informant] disappeared . . . . We know of no rule that the Government is under any general obligation to produce an informer." We also note that "whether there was a failure to expand every reasonable effort to obtain the witness is a question of fact for the trial judge." *Id.* at 13; *see United States v. Hart, Robles,* 546 F.2d 798, 802 (9th Cir. 1976) (en banc); *United States v. Leon, supra,* 487 F.2d at 392.

■ Applying the above principles to the facts before us, we conclude that there was sufficient evidence for the trial judge to conclude that the Government had expended reasonable efforts to produce the informant. Duque had worked for Special Agent Johnson for two years and had proven reliable in introducing Johnson, an undercover narcotics officer, to persons engaged in the buying and selling of illegal narcotics. Duque had testified on two previous occasions in cases involving narcotics transactions. After Special Agent Johnson was requested by the Government to find Duque for trial, Johnson made numerous attempts to contact him. These included at his last known residence, at his mother's home, and meeting his girlfriend. On one occasion, Duque contacted Johnson but refused to disclose his whereabouts. Because Duque had proven reliable in the past, Johnson had no reason to suspect that he would disappear. Once his absence became known, Johnson made every reasonable effort to locate Duque. Having exercised good faith and reasonable diligence, the Government is not to be held blameworthy.

■ The second issue raised by Cervantes is that the Government did not have a good faith belief in the truth of the testimony offered by one of its witnesses, Ernesto Abril, and therefore, violated due process by presenting his testimony to the court. It is certainly true that it is improper for a prosecuting attorney to present evidence which is known by him to be false or to unduly influence the jury by improper conduct during the course of the trial. As Judge Duniway has stated:

"There is no doubt that the prosecution in a criminal trial has a duty of candor toward the defendant. . . . This duty is an ingredient of due process. The test is whether the undisclosed evidence was so important that its absence prevented the accused from receiving his constitutionally-guaranteed fair trial."

*United States v. Hibler,* 463 F.2d 455, 459 (9th Cir. 1972).

In the instant case, the Government called as a witness Ernesto Abril, a co-defendant with appellant, who had been convicted in a previous trial. In that previous proceeding, Abril had testified on his own behalf in regard to certain matters asserting his innocence. In the instant proceeding, Abril testified again as he had in his own trial. Some of this testimony was in contradiction to that of Cervantes'. Because Abril had been convicted at his own trial, Cervantes contends that the introduction into evidence of Abril's testimony in the instant proceeding was accomplished by the Government without a good faith belief in its veracity. Defense counsel objected at trial by asserting that "[t]he Government should at least make a statement to this Court that it believes the testimony that was given concerning Mr. Cervantes . . . is true." R.T. 216. In response to this objection, the Government stated: "In this case, your Honor, the transcript reflects that the testimony I have elicited so far is based on his direct testimony at a prior proceeding." R.T. 217–18.

■ Cervantes' argument regarding undisclosure on the Government's part is not applicable here. The Government did not deceive Cervantes. In fact, the prosecutor candidly admitted that Abril's testimony was based on his direct testimony at another proceeding. There was thus full disclosure by the Government. If Cervantes' counsel believed that Abril's testimony was injurious to his client's cause, he had ample opportunity to effectively cross-examine him. Given this opportunity to show that the jury which judged Abril did not believe

his testimony and therefore convicted him, we cannot agree that the Government engaged in foul play. *See generally United States v. Miller,* 520 F.2d 1208, 1211 (9th Cir. 1975); *United States v. Basurto,* 497 F.2d 781, 785–86 (9th Cir. 1974); *United States v. DePalma,* 461 F.2d 240, 241 (9th Cir. 1972); *United States v. Durgin,* 444 F.2d 308, 309 (9th Cir.), *cert. denied,* 404 U.S. 945, 92 S.Ct. 297, 30 L.Ed.2d 260 (1971).

■ Cervantes next argues that the trial court's failure to instruct the jury as to the weight to be given to his alleged admissions to Officer Del Rosario denied him his constitutional and statutory rights. Upon examining the record, we find no merit in this contention. The trial judge instructed the jury as follows:

"Evidence relating to any statement or act or omission claimed to have been made or done by a defendant outside of court and after a crime has been committed should always be considered with caution and weighed with great care. And all such evidence should be disregarded entirely unless the evidence in this case convinces the jury beyond a reasonable doubt that the statement or act or omission was knowingly made or done.

"In determining whether any statement or act or omission claimed to have been made by a defendant outside of court and after a crime has been committed was knowingly made or done the jury should consider the age, sex, training, education, occupation, and physical and mental condition of the defendant and his treatment while in custody and under interrogation as shown by the evidence in the case. "Also all other circumstances in evidence surrounding the making of a statement or act or omission [should be considered]. "If the evidence in the case does not convince you beyond a reasonable doubt that an admission was made voluntarily and intentionally, you should disregard it entirely.

"On the other hand, if the evidence in the case does show beyond a reasonable doubt that an admission was in fact voluntarily and intentionally made by a defendant,

you may consider it as evidence in the case against the defendant who voluntarily and intentionally made the confession."

R.T. 394–95. We hold such instructions clearly adequate.

■ Cervantes also contends that the trial judge improperly admitted his alleged confessions to Officer Del Rosario into evidence. After Cervantes rested his case, the Government called Los Angeles Police Officer Del Rosario to testify to admissions allegedly made by Cervantes which he had denied making when cross-examined. At the time that these admissions were allegedly made by Cervantes, the Government had made no attempt to contact his attorney who had been appointed three months previously. Because of the *Miranda* problem involved, the statements allegedly made by Cervantes were admitted for impeachment purposes only. As the trial judge instructed the jury:

"Ladies and gentlemen, you will recall that this morning we had the testimony of the Los Angeles police officer, Louis Del Rosario telling about a conversation which he interpreted between Officer Johnson and Cervantes. Now I admitted that for the purpose of impeachment. It was offered for the purpose of impeaching the testimony of the defendant himself."

R.T. 350–51. No objection was made that Cervantes' statements were coerced or involuntary. Because "the trustworthiness of the evidence satisfie[d] legal standards," trial judge was correct in admitting this evidence for impeachment purposes only. *Oregon v. Hass,* 420 U.S. 714, 722, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975); *Harris v. New York,* 401 U.S. 222, 224, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

■ Next, Cervantes argues that the failure of the trial court to give his proposed instruction number two constituted prejudicial error. This proposed instruction relating to the non-appearance of the informant read:

"You are instructed that it is the Government's obligation to produce for the pur-

poses of providing testimony persons whom it uses as informants and undercover agents, where their testimony would be material to the issues in the case. In this case the defendant had requested that the informant Abel Duque, whose testimony is material to the issues in the case, be produced by the Government. The Government has been unable to produce Abel Duque.

"You should view the unavailability of this informant with distrust. Any ambiguities or uncertainties that arise in your minds, which you believe could have been clarified by the testimony of Mr. Duque, should be strictly construed against the Government since it has failed to produce him as a witness." (C.T. 48).

The first sentence of the foregoing proposed instructions is not the law of this circuit. The second paragraph is not the law of this circuit. Either reason alone justified the refusal of the instruction, in its entirety, and the district judge was required to reject this proposed instruction. The Government here did not have an absolute obligation to produce the informant. Rather, its obligation was to exercise "reasonable effort." *United States v. Leon,* 487 F.2d 389, 392 (9th Cir. 1973), *cert. denied,* 417 U.S. 933, 94 S.Ct. 2645, 41 L.Ed.2d 236 (1974); *Velarde-Villarreal v. United States,* 354 F.2d 9, 12 (9th Cir. 1965); *see United States v. Hart, Robles,* 546 F.2d 798, 802 (9th Cir. 1976) (en banc). Second, the instruction was "properly rejected as not applicable to the facts of this case." *United States v. Makekau,* 429 F.2d 1403, 1404 (9th Cir.), *cert. denied,* 400 U.S. 904, 91 S.Ct. 143, 27 L.Ed.2d 141 (1970). There was more than sufficient evidence for the district court to conclude that the informant was unavailable despite the reasonable efforts exerted by the Government to produce him.

At a previous criminal trial involving a different defendant, Duque (the informant in the present case who was also the informant in that prior case) was cross-examined by the defense in an attempt to discredit him and to impeach his motives by eliciting his criminal past, his fee arrangement with

the Government and his history of drug use. Cervantes argues that since the Government had the same motive in relation to the testimony at both the prior and present proceedings (*i. e.,* to discredit, explain, or distinguish the evidence of Duque's criminal past, fee arrangements with the Government, and his drug use) and since Duque was unavailable in the instant case, his prior testimony was admissible under Federal Rules of Evidence 804(b)(1) which provides:

"The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

 Even assuming that Cervantes satisfied the requirements of Rule 804(b)(1), the prior testimony was excluded by the district judge because it was "irrelevant." The trial judge reached this conclusion based on the fact that the prior testimony "certainly doesn't add anything [to] what is already in the record." R.T. 271. Upon examining the record, we note that both Special Agent Johnson and defense witness Victor Ruiz testified in detail about Duque's activities. Duque's "rap sheet" was introduced into evidence. A stipulation pertaining to Duque's pending criminal proceedings and convictions was also introduced. "Absent a clear showing of abuse of discretion, this Court will not disturb the judgment of the trial judge that certain evidence is legally irrelevant and therefore inadmissible." *United States v. Sirhan,* 504 F.2d 818, 820 (9th Cir. 1974); *see United States v. Carter,* 173 U.S.App.D.C. 54, 522 F.2d 666, 685 (1975). We find no such abuse of discretion here, and, accordingly, Cervantes' contention is without merit.

The final issue which Cervantes raises is that the district court abused its discretion

in denying his motion for a new trial on the ground of newly discovered evidence. This motion was based upon the fact that, after trial, Duque had been located and was available. Because of the informant's availability, Cervantes argues that he is entitled to a new trial.

 A motion for a new trial upon the basis of newly discovered evidence must meet the following requirements:

"(1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal."

*Pitts v. United States,* 263 F.2d 808, 810 (9th Cir.), *cert. denied,* 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959); *see United States v. Bautista,* 509 F.2d 675, 679 (9th Cir.), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *United States v. Clay,* 476 F.2d 1211, 1215 (9th Cir. 1973); *United States v. Martinez,* 436 F.2d 12, 15 (9th Cir. 1970), *cert. denied,* 401 U.S. 959, 91 S.Ct. 969, 28 L.Ed.2d 244 (1971); *United States v. Cousins,* 429 F.2d 1271, 1272 (9th Cir.), *cert. denied,* 400 U.S. 904, 91 S.Ct. 143, 27 L.Ed.2d 141 (1970).

In applying this standard, we conclude that the district judge did not abuse his discretion in denying Cervantes' motion for a new trial. Our conclusion is based on Cervantes' failure to show that if granted a new trial, he would probably be acquitted. Cervantes' counsel even acknowledged, at two different times at the hearing on the motion, that "[t]he informant in general confirmed Mr. Johnson's testimony." R.T. 438; *see* R.T. 439. Thus, the informant's testimony appears to be cumulative rather than material to the issues involved.

Having considered the issues raised by Cervantes on this appeal and finding no merit in them, his conviction is

AFFIRMED.

ELY, Circuit Judge (concurring):

Under the compulsion of certain Supreme Court decisions, cited in the majority's opinion, I concur.

At the same time, however, my sense of intellectual integrity requires that I note my adherence to the opinion of our court in *Groshart v. United States,* 392 F.2d 172 (9th Cir. 1968), an opinion expressing views recently followed by the Supreme Court of California in *People v. Disbrow,* 16 Cal.3d 101, 127 Cal.Rptr. 360, 545 P.2d 272 (1976).

It should be noted also that I do not retreat from the approach expressed by me separately in *Velarde-Villarreal v. United States,* 354 F.2d 9, at 13 (9th Cir. 1965).