UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth Lee HOZIAN, Defendant-Appellant.

No. 79–1471.

United States Court of Appeals, Ninth Circuit.

June 30, 1980.

**440**

Edward P. Davis, Jr., Rankin, Oneal, Center, Luckhardt, Marlais, Lund & Hinshaw, San Jose, Cal., for defendant-appellant.

Cedric C. Chao, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before THORNBERRY *, SCHROEDER and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Kenneth Lee Hozian appeals his conviction for conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. He contends 1) that the prosecutor improperly commented on his failure to testify in violation of his Fifth Amendment rights, 2) that the trial court violated Rule 16 of the Federal Rules of Criminal Procedure in allowing testimony concerning a booking sheet that had been destroyed, and 3) that it was improper to allow the government to present testimony of a convicted codefendant when the government had sought to impeach that testimony in an earlier trial. We affirm.

On February 21, 1979, Hozian and his co-defendant, Denny Michael Gregg, met with two agents of the Drug Enforcement Administration on a sailboat moored in Oakland harbor. The meeting followed a prior meeting, arranged by an informer, and a series of telephone calls between Gregg and the agents in which the agents arranged to purchase five pounds of cocaine from Gregg and his supplier. Hozian and Gregg had brought one pound of cocaine with them to this meeting so that its quality could be tested. Accordingly to the agents, Hozian stated that the cocaine belonged to him, that it was of a high quality and that he would deliver the remaining four pounds of cocaine that evening at a specified location. He also assured the agents that he could supply them with ten pounds of cocaine each month. The agents then arrested Hozian and Gregg and, in a

search incident to the arrest, found a plastic bag containing cocaine in Hozian's vest pocket. They also found a driver's license under the name Hozian, Gregg's business card, and a telephone book containing Gregg's telephone number in Hozian's wallet.

Subsequent to the arrests, a third DEA agent interviewed Hozian in order to complete a standard DEA booking sheet which provided identifying and biographical information used in determining whether to recommend bail and to track those who later become fugitives. The agent testified that during this questioning Hozian misspelled his name, could not give his street address and named a town different from the one listed on his driver's license. He could recite the month and year but not the day of his birth and gave inconsistent information regarding his place of birth, schooling and travels. Suspecting that Hozian had given untruthful answers, the agent independently ascertained Hozian's true name and background, completed a new booking sheet and discarded the old one. Before trial Hozian moved to suppress evidence of his alleged true identity because the government had failed to provide him with reports of fingerprint tests, which he had requested pursuant to Fed.R.Crim.P., Rule 16. The court did not rule on this motion because the government agreed not to offer the identity evidence. During the trial Hozian moved to suppress testimony concerning information recorded on the destroyed booking sheet. The District Court ruled that the government witness could not refer to the booking sheet, but could testify to Hozian's statements. The substance of those statements had been disclosed, although somewhat inaccurately, in the DEA report given to Hozian pursuant to Rule 16. The judge informed Hozian's counsel that cross-examination concerning the destruction of the report might "open the door," presumably to evidence of Hozian's true identity. Hozian's counsel did not renew his motion to suppress any identity evidence, but evident-

---

* Senior U.S. Circuit Judge, Fifth Circuit, Texas, sitting by designation.

ly made a tactical decision to refrain from cross-examining the agent concerning the destruction of the booking sheet.

At trial the government presented the testimony of the DEA agents, a DEA chemist, and Denny Michael Gregg. Gregg testified that Hozian was his source for the cocaine seized by the agents. His testimony was compelled under a grant of immunity even though the government had attacked his credibility in his previous trial and the jury there had disbelieved his assertions of innocence. Hozian presented the testimony of the informer, who stated that Gregg had said his source ran a market and that the cocaine came from a "banana boat," and the testimony of a private investigator who stated that there was a store in Mill Valley called the "Banana Republic Boutique." In closing argument, in response to Hozian's counsel's attack on the credibility of the government witnesses, the prosecutor stated:

> Ladies and gentlemen, for you to believe that his client just happened to be there and was innocent, you must believe that Russell Jones was lying to you, Agent Richard Camps was lying to you, Agent Clinton Cook was lying to you and, now that Michael Gregg took the stand, you must also believe that Michael Gregg lied to you. In fact, you must believe that there is only one person who told the truth, that is, Ken Hozian, through his attorney.

On the basis of this statement Hozian moved for a mistrial. The court gave a curative instruction and denied the motion.

Hozian contends that the trial court erred in denying his motion for a mistrial because the prosecutor's remark was an unconstitutional comment on Hozian's failure to testify. *See Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The test for determining whether prosecutional comments violate a defendant's Fifth Amendment rights is:

> whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily

take it to be a comment on the failure of the accused to testify.

*Hayes v. United States*, 368 F.2d 814, 816 (9th Cir.1966). Where the prosecutor's comment is focused on the credibility of the witnesses and the lack of contradictory evidence, and no explicit reference is made to the defendant's failure to testify, the comment is not improper. *United States v. Estrada de Castillo*, 549 F.2d 583, 584 (9th Cir.1976); *United States v. Noah*, 475 F.2d 688, 695–96 (9th Cir.), *cert. denied*, 414 U.S. 821, 1095, 94 S.Ct. 119, 728, 38 L.Ed.2d 54, 553 (1973). The denial of the motion for mistrial was not error.

Hozian next contends that the trial court erred in allowing testimony concerning his statements that were recorded on the destroyed booking sheet. Rule 16 of the Federal Rules of Criminal Procedure provides that:

> Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent . . . .

Although the substance of Hozian's statements was disclosed in the DEA report, Hozian argues that the booking sheet was a recorded statement and that it was error to allow testimony regarding matters recorded thereon when the sheet was destroyed before disclosure.

While it is arguable that the notes written on the booking sheet were potentially discoverable under Rule 16 as a recorded statement of defendant,[1] the error,

---

1. *See United States v. Harris*, 543 F.2d 1247 (9th Cir.1976).

**442**

if any, in allowing the agent to testify regarding matters contained in those notes was harmless. The testimony of the DEA agents who participated in the cocaine transaction and the testimony of Gregg linked Hozian to the drug transaction. The testimony of the agent who filled in the booking sheet at most indicated consciousness of guilt on Hozian's part. It did not add anything of substance to the government's proof of the elements of the crimes charged. *See United States v. Wood*, 550 F.2d 435, 440 (9th Cir.1976).

Finally, Hozian contends that it was improper to allow the government to present Gregg as a witness when it had sought to impeach him in his previous trial. We reject the argument. The testimony of a convicted co-defendant is admissible in a subsequent trial of an accomplice despite the fact that the co-defendant had asserted his own innocence in the prior proceedings. *United States v. Cervantes*, 542 F.2d 773 (9th Cir.1976). Hozian's counsel had ample opportunity to impeach Gregg's credibility on cross-examination and in closing argument, based on his previous conviction and the compelled nature of his testimony. Nothing more was required.

Affirmed.