The People of the TERRITORY OF GUAM, Plaintiff—Appellee,

v.

Joseph Mendiola QUIDACHAY, Defendant—Appellant.

No. 03–10081.
D.C. No. CR–95–00015A.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2004.

Decided July 1, 2004.

J. Basil O'Mallan, III, Esq., Highsmith & O'Mallen, P.C., Douglas Moylan, Esq., Lewis W. Littlepage, Office of Attorney General, Hagatna, GU, for Plaintiff–Appellee.

Curtis C. Van De Veld, Hagatna, GU, for Defendant–Appellant.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Appellant Joseph Quidachay ("Quidachay" or "appellant") appeals the decision of the Appellate Division of the District Court of Guam affirming a 1994 conviction in the Guam Superior Court for armed robbery, theft, use of a deadly weapon, first degree sexual assault, and possession of a firearm without an identification card. Quidachay contends that (1) a new trial is necessary on the basis of exculpatory post-conviction statements by a recanting witness and (2) the imposition of restitution was illegal under Guam law.

A motion for a new trial on the basis of newly discovered evidence must meet the following requirements: (1) the motion must make clear that the evidence was discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the moving party; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) the evidence would probably produce an acquittal. *See United States v. Cervantes,* 542 F.2d 773, 779 (9th Cir.1976).

◼ The purportedly exculpatory evidence satisfies the first four prongs of the analysis. As to the fifth, Quidachay argues that, because the testimony the recanting witness—his brother—was the key to the prosecution's case, such evidence would probably produce his acquittal.

"The decision, when based upon the proper legal standard, to grant or deny a motion for a new trial based upon newly discovered evidence is within the sound discretion of the trial judge." *United States v. Krasny,* 607 F.2d 840, 845 (9th Cir.1979) (citations omitted); *see also United States v. Montilla–Rivera,* 115 F.3d 1060, 1067 (1st Cir.1997) ("In considering [a motion for a new trial], the [trial] court has broad power to ... assess the credibility of both the witnesses who testified at trial and those whose testimony constitutes 'new evidence.'" (quoting *United States v. Wright,* 625 F.2d 1017, 1019 (1st Cir.1980))).

The trial judge's adverse credibility finding as to the testimony of Quidachay's brother at the hearing for a new trial is unassailable. To begin, the notion that Quidachay's brother engaged in a sudden flurry of criminal activity with a stranger (of unknown surname and residence) whom he met at a bar is implausible. As the trial judge noted, Quidachay's brother testified in a "tentative" manner at the hearing for a new trial, and "his answers to questions were unsure." Furthermore, there is no evidence that Quidachay's brother ever attempted to implicate his unnamed accomplice during the initial questioning following his arrest. As aptly put by the district court, the testimony of Quidachay's brother at the hearing for a new trial seems "an attempt by one broth-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

er to save the other after the former thought he had reaped the benefits of his cooperation [with the government]."

Thus, the district court did not err in denying Quidachay's motion for a new trial.

█ Quidachay also submits that, since he has been sentenced to a 120–year term of imprisonment and will not be eligible for release before 75 years of imprisonment, it will be impossible for him to pay restitution. Therefore, his argument goes, the imposition of restitution violates the Guam restitution statute providing that a trial court may not order a defendant to pay restitution "unless the offender is or, given a fair opportunity to do so, will be able to pay the fine or restitution." 9 Guam Code Annotated § 80.52(c).

Since Quidachay did not raise this issue in his first appeal to the district court, we review the imposition of restitution for plain error. Under the plain error standard, relief is unwarranted unless there has been (1) error (2) that is plain (3) and affects substantial rights. *See Jones v. United States,* 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

Given the trial court's broad discretion in ordering restitution, *see United States v. Laney,* 189 F.3d 954, 966 (9th Cir.1999), and lack of a substantial right at issue, the trial court's restitution order should be affirmed.

We AFFIRM the judgement of the district court.